THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michael Alfonso Hughes,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>Daniel Werfel,<br>in his official capacity as commissioner of the<br>Internal Revenue Service,<br><br><div align="center">Defendant.</div> | MEMORANDUM DECISION AND ORDER DENYING MOTION TO LIFT STAY<br><br>Case No. 2:25-cv-00776-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Lift Stay.[1] Michael Hughes, who is proceeding pro se, requests the court lift the automatic stay that was entered by the court's General Order 25-005. The court will deny the motion.

At midnight on September 30, 2025, the appropriations act that provided funding for the United States Government and many of its agencies such as the Internal Revenue Service, lapsed. In consequence of this funding lapse, on October 2, 2025, Chief Judge Jill Parrish entered an order staying civil cases involving the United States as a party. This was done to "preserve the status quo until restoration of funding."[2] All "deadlines, due dates, or cut-off dates [were] extended for a period commensurate with the duration of the lapse in appropriations, plus seven days."[3] Civil hearings were also vacated to be reset later after the lapse of appropriations.[4] The

---

[1] ECF No. 15.

[2] General Order 25-005 entered on October 2, 2025, at 3.

[3] Id.

[4] Id.

General Order was entered staying cases involving the "United States or an agency, corporation, officer, or employee, deemed or otherwise, of the United States."[5]

Plaintiff takes issue with this General Order arguing a stay of proceedings is not automatic and is an equitable measure within the court's discretion. Plaintiff cites to *Landis v. North American Co.*, asserting the moving party bears the burden of showing "a clear case of hardship or inequity in being required to go forward …."[6] Even then, according to Plaintiff, the court must still "weigh competing interests" to ensure that any stay is "limited in duration is not unreasonably long."[7] In addition, Plaintiff argues the court's General Order improper because it "is a blanket administrative directive, not a judicial ruling applying Landis factors to this case."[8]

Plaintiff's arguments are unavailing. In entering the General Order staying cases the court specifically noted the need to maintain the status quo and noted that some Government attorneys are prohibited from working, even on a voluntary basis. Lifting the stay and moving forward without anyone representing Defendant is the type of prejudice, "substantial in degree"[9] to the Government's interests, that warrants the court entering its General Order staying this case. Accordingly, Plaintiff's Motion is DENIED.

DATED this 10 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Id.*

[6] *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

[7] *Id.* at 258.

[8] Motion at 6.

[9] *Landis* 299 U.S. at 258.