THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michael Alfonso Hughes,<br><br>     Plaintiff,<br>v.<br><br>Daniel Werfel, in his official capacity as Commissioner of the Internal Revenue Service,<br><br>     Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00776 DBB DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on pro se Plaintiff Michael Hughes' Motion for Preliminary Injunction[1] and Motion to Expedite Consideration of that motion.[2] As set forth herein, the court recommends the motion for preliminary injunction be denied and the Motion for Expedited Consideration be deemed moot.[3]

## BACKGROUND

Plaintiff brings this matter against Defendant Daniel Werfel in his official capacity as Commissioner of the Internal Revenue Service (IRS). Plaintiff seeks declaratory and injunctive relief under the Administrative Procedures Act, the Constitution of the United States, and Title 26 of the United States Code. Mr. Hughes challenges the IRS's imposition and enforcement of a lock-in withholding order sent to his employer Adobe Inc. The lock-in requires Adobe to withhold all of Plaintiff's federal income taxes form his wages.

---

[1] ECF No. 5.

[2] ECF No. 14.

[3] This case is referred to the undersigned from District Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including a report and recommendation on all dispositive matters.

In his Complaint, Plaintiff provides he is a

> U.S. National and a citizen of Utah state, domiciled outside the geographical scope of the Internal Revenue Code as defined by 26 U.S.C. § 7701(a)(9) and (a)(l0). Plaintiff is a nonresident alien as defined by 26 U.S.C § 7701(b)(l)(B), having no income effectively connected with trade or business in the United States.[4]

Plaintiff claims to have had no federal income tax liability for the current year, "no such liability in the prior year, and does not expect to have any tax liability for the upcoming year."[5] As a nonresident alien with no tax liability, Defendants use of a lock-in to withhold federal income tax liability from Plaintiff's wages is unlawful. On multiple occasions Plaintiff submitted a formal request to the Internal Revenue Service seeking a lock-in release letter that would allow his employer to remove the fixed withholding restriction. Those requests were not granted, so Plaintiff filed the instant matter seeking a declaratory judgment from the court that the IRS withholding is unlawful and an injunction requiring the IRS to release the lock-in and refrain from issuing any future withholding orders. In making his claims

> Plaintiff expressly disavows any reliance on frivolous or discredited legal theories, including but not limited to arguments that wages are not income, that the Internal Revenue Code does not apply to U.S. residents, or that the IRS lacks constitutional authority to collect taxes. Plaintiff does not assert sovereign citizen doctrines, nor challenge the validity of the Sixteenth Amendment. This action rests solely on the statutory definitions and constitutional protections expressly codified in Titles 5, 8, and 26 of the United States Code and relevant federal court precedent.[6]

## LEGAL STANDARDS

To be entitled to a preliminary injunction under Fed. R. Civ. P. 65, the moving party must show "(1) a likelihood of success on the merits; (2) that they will suffer irreparable harm; (3) that

---

[4] Complaint at 4.

[5] *Id.*

[6] *Id.* at 2.

the balance of equities tips in their favor; and (4) that the injunction is in the public interest."[7]. "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."[8]

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."[9] Given this limited purpose, the Tenth Circuit has identified "three types of specifically disfavored preliminary injunctions and concluded that a movant must 'satisfy an even heavier burden of showing that the four [preliminary injunction] factors ... weigh heavily and compellingly in movant's favor before such an injunction may be issued': (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits."[10] These types of injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[11]

## DISCUSSION

Plaintiff fails to meet the applicable standard for a preliminary injunction. Plaintiff argues he is likely to succeed on the merits because the IRS lacks authority to impose a lock-in order on a nonresident alien. In essence, it appears Plaintiff claims he is a citizen of Utah but not the

---

[7] *Petrella v. Brownback*, 787 F.3d 1242, 1257, 2015 WL 3452663 (10th Cir. 2015)

[8] *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir.2009) (quotation modified); *see also Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (unpublished) ("A party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor."); *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (setting forth the applicable preliminary injunction standard and noting the right to such relief must be "clear and unequivocal").

[9] *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175, 25 (1981).

[10] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir.2004) (en banc ) (citation modified), *cert. granted sub nom on other grounds, Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 544 U.S. 973, 125 S.Ct. 1846, 161 L.Ed.2d 723 (2005)).

[11] *O Centro*, 389 F.3d at 975.

United States. This argument is frivolous and as noted by Defendant, Plaintiff is a registered Utah voter that voted in the last election. Thus, Plaintiff seeks to have the benefit of being a resident for voting purposes but not for taxation. Plaintiff's remaining arguments asserting he is likely to succeed on the merits are equally unavailing.[12]

Next, Plaintiff fails to show that without an injunction he would suffer irreparable harm. The court agrees with Defendant that even if Adobe improperly withholds taxes from Plaintiff's paycheck, Plaintiff may still seek a refund afterwards.[13]

Plaintiff further contends that the balance of equities favors Plaintiff, and the public interest favors injunctive relief. The court disagrees. The United States and the taxpaying public would be harmed by a preliminary injunction and taxpayers "have an interest in being protected from suffering the results of other taxpayers improper tax benefits."[14] The public interest is not served by granting a preliminary injunction to Plaintiff based on the facts before the court.

---

[12] Plaintiff cites to *Gould v. Gould*, 245 U.S. 151 (1917) and *Brushaber v. Union Pac. R.R.* 240 U.S. 1 (1916). *Gould* concerned whether a monthly alimony payment constituted income and is inapplicable here. *Brushaber* is likewise inapplicable as it involved a stockholder seeking to enjoin a corporation from complying with income tax provisions of a tariff.

[13] *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11, 95 S. Ct. 13, 15, 42 L. Ed. 2d 7 (1974) (noting the availability of a refund suit).

[14] *United States v. RaPower-3, LLC*, 325 F. Supp. 3d 1237, 1250 (D. Utah 2018).

## REPORT AND RECOMMENDATION[15]

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction be DENIED[16] and Plaintiff's Motion for Expedited Consideration of that motion be deemed DEEMED MOOT.[17]

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[18] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[19] Failure to object may constitute a waiver of the objections upon subsequent review.

DATED this 29 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[15] The court does not address Defendant's jurisdictional arguments in this report and recommendation addressing Plaintiff's Motions.

[16] ECF No. 5.

[17] ECF No. 14.

18 *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

19 *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).