UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ALFONSO HUGHES,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WERFEL, in his official capacity as Commissioner of the Internal Revenue Service,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 22] PLAINTIFF'S MOTION TO VACATE THE COURT'S MEMORANDUM AND ORDER ADOPTING THE REPORT AND RECOMMENDATION AND OVERRULING [ECF NO. 30] PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00776<br><br>District Judge David Barlow |

Before the court is Plaintiff's Motion to Vacate the Court's Memorandum Decision and Order Adopting the Report and Recommendation[1] and Plaintiff's Objections to the Report Recommendation.[2] Because the court finds the objections meritless, Plaintiff's Motion to Vacate is denied and Plaintiff's Objections are overruled.

**BACKGROUND**

Plaintiff filed his complaint on September 8, 2025.[3] Plaintiff alleges that the IRS has unlawfully issued a lock-in order to his employer, requiring the employer to withhold Plaintiff's

---

[1] Pl.'s Mot. to Vacate the Court's Memo. Decision and Order Adopting the R & R ("Mot. to Vacate"), ECF No. 22, filed November 20, 2025.
[2] Pl.'s Objs. to the R & R ("Objs."), ECF No. 30, filed January 14, 2026.
[3] Compl., ECF No. 1, filed September 8, 2025.

1

federal taxes.[4] Plaintiff claims he is a nonresident alien exempt from federal taxes, and thus the lock-in order and the withholdings are unlawful.[5]

Plaintiff filed a Motion for Preliminary Injunction on September 10, 2025.[6] The motion requests that the court enjoin the IRS from continuing to enforce the lock-in order.

On October 6, 2025, the Case was stayed per General Order 25-005, which stayed all civil cases in which the United States was a party for the duration of the government shutdown.[7]

United States Chief Magistrate Judge Dustin B. Pead issued a Report and Recommendation ("R&R") on October 29, 2025, recommending the denial of Plaintiff's Motion for Preliminary Injunction and Motion to Expedite Consideration of that motion.[8]

On November 17, 2025, the court entered an Order Adopting the Report and Recommendation.[9] The court noted that no party had filed an objection and found that the Magistrate Judge's R&R was not clearly erroneous.[10]

On November 20, 2025, Plaintiff filed a Motion to Vacate the Court's Order Adopting Report and Recommendation.[11] Plaintiff asserted that (1) he had not received service of the R&R and thus did not have the opportunity to object; and (2) the stay order prevented him from filing any objections to the R&R within the 14-day objection period.[12]

---

[4] *Id.* 1-2. Plaintiff's paragraph numbering in his complaint is inconsistent, and thus the court pin-cites to the page numbers in the complaint instead of the paragraph numbers.
[5] *Id.* 4–5.
[6] Pl.'s Mot. for Preliminary Injunction, ECF No. 5, filed September 10, 2025.
[7] General Order 25-005, filed October 2, 2025.
[8] R & R, ECF No. 19, filed October 19, 2025.
[9] Memo. and Order Adopting R & R, ECF No. 20, filed November 17, 2025.
[10] *Id.*
[11] Mot. to Vacate.
[12] *Id.*

On January 5, 2026, the court entered a Docket Text Order permitting Plaintiff to file objections to the R&R.[13]

Plaintiff filed his objections on January 14, 2026.[14] The Government responded on January 28, 2026.[15]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[16] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[17]

The court "reviews unobjected-to portions of a report and recommendation for clear error."[18] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[19] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[20]

## DISCUSSION

Plaintiff first presents a threshold objection that the Magistrate Judge lacked authority to issue the R&R while the stay remained in effect.[21] The Plaintiff cites *Gripe v. City of Enid*[22] for

---

[13] Docket Text Order, ECF No. 28, filed January 5, 2026.

[14] Objs.

[15] Resp. to Hughes' Objs. to the Magistrate Judge's R & R ("Resp."), ECF No. 31, filed January 28, 2026.

[16] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[17] *See id.*

[18] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[19] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[20] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah 2020) (cleaned up).

[21] Objs. 2.

[22] 312 F.3d 1184, 1188 (10th Cir. 2002).

3

the proposition that "[a]ctions taken during an active stay are void and without effect."[23] Thus, the plaintiff argues that the R&R should be vacated.

However, *Gripe* has nothing to do with actions taken during a stay.[24] Instead, the case evaluates whether dismissing the case as a sanction was appropriate.[25] It never even uses the word "stay."[26] Neither is this court aware of any authority that prevents a court from issuing orders or report and recommendations during a discretionary stay. And insofar as that stay prevented Plaintiff from filing objections to the R&R, that issue has now been cured. Thus, Plaintiff's first objection is without merit.

Next, Plaintiff asserts three substantive objections: (1) asserting that the R&R mischaracterizes his complaint when stating that "[i]n essence, it appears Plaintiff claims he is a citizen of Utah but not the United States"; (2) asserting that the R&R applies an incorrect irreparable harm standard; and (3) asserting that the R&R "Improperly Resolves Public Interest and Equity Factors Without Jurisdictional Findings."[27]

First, the R&R's characterization of Plaintiff's complaint is reasonable. Plaintiff continually claims to be a non-resident alien who is a not a "citizen" within the meaning of 26 U.S.C. § 7701, but Plaintiff also claims to be a citizen of Utah.[28] Thus, logically, Plaintiff claims to be a citizen of Utah but not of the United States. And in any case, the court does not find it likely that Plaintiff will succeed on the merits. Plaintiff admits to "physical presence in Utah,"[29]

---

[23] Objs. 2.
[24] *Gripe,* 312 F.3d 1184.
[25] *Id.* at 1186.
[26] *Id.* at 1186.
[27] Objs. 3–4.
[28] *See, e.g.*, Compl. 4, 19–20.
[29] *Id.* 19.

claims to be a citizen of Utah,[30] and yet somehow claims that he is not a resident or citizen of the United States.[31] The claim that Plaintiff is a nonresident alien is unlikely in the extreme. Thus, Plaintiff is not likely to succeed on the merits of his claim.

Second, Plaintiff argues that the R&R applied an incorrect irreparable harm standard. Plaintiff argues that ignoring ongoing harms because he may seek a refund is incorrect as a matter of law. But the Supreme Court has explained that a refund suit provides "a 'full opportunity to litigate' [] tax liability."[32] Plaintiff has that full opportunity here and thus cannot show irreparable harm absent a preliminary injunction.

Third, Plaintiff argues that "[t]he Report Improperly Resolves Public Interest and Equity Factors Without Jurisdictional Findings."[33] It is somewhat unclear what Plaintiff is intending to argue. To the extent Plaintiff is arguing that the Magistrate Judge was wrong about the balance of harm and public interest factors analysis, Plaintiff fails to identify why those findings were erroneous. On review, they appear to be correct. Additionally, because Plaintiff failed to establish either irreparable injury or a substantial likelihood of prevailing on the merits, any alleged error on the balance of harms and public interest factors would not result in the issuance of a preliminary injunction. Alternatively, to the extent Plaintiff is challenging the Magistrate Judge's decision not to address Defendant's jurisdictional arguments, the decision not to do so could not have led to Plaintiff receiving a preliminary injunction.

---

[30] *Id.* 4.
[31] *Id.* 19–20.
[32] *United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11 (1974).
[33] Objs. 3–4.

All in all, Plaintiff's objections are meritless. Thus, the court will deny Plaintiff's Motion to Vacate the Court's Memorandum and Order Adopting the Report and Recommendation and overrule Plaintiff's Objections. This court's order adopting the R&R and denying Plaintiff's Motion for a Preliminary Injunction[34] remains in place.

## ORDER

Plaintiff's Motion to Vacate the Court's Memorandum and Order Adopting the Report and Recommendation [35] is DENIED. Plaintiff's Objections to the Report and Recommendation[36] are OVERRULED.

Signed March 16, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[34] Memo. and Order Adopting R & R.
[35] ECF No. 22.
[36] ECF No. 30.