THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michael Alfonso Hughes,<br><br>                    Plaintiff,<br>v.<br><br>Daniel Werfel, in his official capacity as Commissioner of the Internal Revenue Service,<br><br>                    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00776 DBB DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant in this matter moves to dismiss Plaintiff's case.[1] Plaintiff Michael Hughes, who is proceeding pro se, opposes Defendant's Motion and moves to strike the Motion.[2] The court finds no merit to Plaintiff's Motion to Strike and as set forth herein, the undersigned recommends Defendant's Motion to Dismiss be granted and this matter be closed.

**BACKGROUND**

Plaintiff brings this matter against Defendant Daniel Werfel in his official capacity as Commissioner of the Internal Revenue Service (IRS). Plaintiff seeks declaratory and injunctive relief under the Administrative Procedures Act, the Constitution of the United States, and Title 26 of the United States Code. Mr. Hughes challenges the IRS's imposition and enforcement of a lock-in withholding order sent to his employer Adobe Inc. The lock-in requires Adobe to withhold all of Plaintiff's federal income taxes form his wages.

In his Complaint, Plaintiff provides he is a

---

[1] Motion to Dismiss, ECF No. 21.

[2] Motion to Strike Motion to Dismiss, ECF No. 26.

> U.S. National and a citizen of Utah state, domiciled outside the geographical scope of the Internal Revenue Code as defined by 26 U.S.C. § 7701(a)(9) and (a)(l0). Plaintiff is a nonresident alien as defined by 26 U.S.C § 7701(b)(l)(B), having no income effectively connected with trade or business in the United States.[3]

Plaintiff claims to have had no federal income tax liability for the current year, "no such liability in the prior year, and does not expect to have any tax liability for the upcoming year."[4] As a nonresident alien with no tax liability, Defendants use of a lock-in to withhold federal income tax liability from Plaintiff's wages is allegedly unlawful. On multiple occasions Plaintiff submitted a formal request to the Internal Revenue Service seeking a lock-in release letter that would allow his employer to remove the fixed withholding restriction. Those requests were not granted, so Plaintiff filed the instant matter seeking a declaratory judgment from the court that the IRS withholding is unlawful. Plaintiff also seeks an injunction requiring the IRS to release the lock-in and refrain from issuing any future withholding orders. In making his claims, "Plaintiff expressly disavows all sovereign citizen theories and affirmatively accepts the validity of federal income tax law."[5] In addition,

> Plaintiff expressly disavows any reliance on frivolous or discredited legal theories, including but not limited to arguments that wages are not income, that the Internal Revenue Code does not apply to U.S. residents, or that the IRS lacks constitutional authority to collect taxes. Plaintiff does not assert sovereign citizen doctrines, nor challenge the validity of the Sixteenth Amendment. This action rests solely on the statutory definitions and constitutional protections expressly codified in Titles 5, 8, and 26 of the United States Code and relevant federal court precedent.[6]

---

[3] Complaint at 4.

[4] *Id.*

[5] *Id.* at 56.

[6] *Id.* at 2.

Of course, Plaintiff stating he accepts the validity of federal income tax law, and disavows all sovereign citizen theories, does not necessarily make it so as evidenced in the Complaint.

Defendant moves to dismiss on jurisdictional grounds, or, in the alternative, for failure to state a claim upon which relief may be granted. Defendant relies on the Anit-Injunction Act,[7] and Declaratory Injunction Act,[8] which prohibit any injunction or declaratory judgment restraining the collection of any tax by the IRS. In the alternative, Defendant argues Plaintiff has failed to reach the required pleading standard set forth in *Bell Atlantic Corp. v. Twombly*.[9]

## DISCUSSION

Before turning to Defendant's arguments, the court rejects Plaintiff's claims that the instant Motion is "void *ab initio*", and that the court's Report and Recommendation and the Order adopting it are invalid because of the stay imposed by General Order 25-005. The court entered General Order 25-005 due to a lapse in government appropriations to preserve the status quo until restoration of funding.[10] Funding was restored on November 12, 2026, and Defendant filed its Motion on November 20, 2026, after the stay was lifted. Plaintiff's arguments that the motion is void *ab initio* are meritless.[11] In similar fashion, Plaintiff's arguments regarding the procedural history of this case, that due process was somehow violated, and that jurisdiction is absent are all equally unavailing. Plaintiff's Motion to Strike is without support and should be denied.

---

[7] 26 U.S.C. § 7421.

[8] 28 U.S.C. § 2201.

[9] 550 U.S. 544, 547 (2007).

[10] *See* General Order 25-005 found at https://www.utd.uscourts.gov/sites/utd/files/general-orders/General%20Order%2025-005%20Staying%20US%20Civil%20Cases.pdf

[11] The court already rejected Plaintiff's arguments regarding the Report and Recommendation being invalid because it was issued during the stay as meritless. Plaintiff's arguments regarding the Order adopting the Report and Recommendation are likewise futile. *See* Memorandum Decision and Order Denying Plaintiff's Motion to Vacate the Court's Memorandum and Order Adopting the Report and Recommendation, ECF No. 32.

The Anti–Injunction Act, 26 U.S.C. § 7421, states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[12] Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201, prohibits a court from declaring the rights of litigating parties with respect to federal taxes. "The reach of these two statutes is coextensive, with the Declaratory Judgment Act "'reaffirming the restrictions set out in the Anti–Injunction Act.'"[13]

"The Supreme Court has recognized that the principal purpose of the Anti–Injunction Act is to permit the government to assess and collect taxes expeditiously without judicial intervention, and to require that the legal right to taxes withheld be determined in a suit for a refund."[14] The Anti-Injunction Act is balanced by allowing taxpayers to challenge a tax by filing a claim for a refund with the Internal Revenue Service, and if that fails, to commence a suit for a refund. The Anti-Injunction Act also has a two-tiered exception. This allows an injunction of a tax where "(1) it is clear that under no circumstances could the government ultimately prevail, and (2), equity jurisdiction would otherwise exist."[15]

Plaintiff argues Defendant's Motion is "predicated on a fabricated theory never alleged by Plaintiff. Namely, that Plaintiff claims to be 'a citizen of Utah but not of the United States.'"[16]

---

[12] 26 U.S.C. § 7421(a).

[13] *Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (*quoting Bob Jones University v. Simon*, 416 U.S. 725, 733 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974)).

[14] *Id.*

[15] *Id.* citing *Alexander v. Americans United Inc*., 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974). This is termed the *Williams Packing* test after *Enochs v. Williams Packing & Navigation*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961).

[16] Opposition at 1.

Yet, this is exactly what Plaintiff provides in his Complaint.[17] Disavowing this now does not save Plaintiff's case from Defendant's Motion.

Next, Plaintiff's arguments against applying the Anti-Injunction Act here are cursory in nature and unsupported. Simply citing a sentence or two from a few cases without any explanation regarding how this case is different and outside the Anti-Injunction Act fails. Construing broadly Plaintiff's arguments claiming jurisdiction under the Administrative Procedures Act likewise fail. "The Administrative Procedure Act itself is not a grant of jurisdiction for the review of agency actions."[18]

Finally, the court has considered the exception to the Anti-Injunction Act, which is termed the *Williams Packing* test, and finds it does not apply here. The government has not acted illegally under its power to lay and collect taxes.[19] Equity jurisdiction does not otherwise exist, and it is not clear that the government will under no circumstances ultimately prevail.[20]

In sum, the court agrees with Defendant that the Anit-Injunction Act, and Declaratory Injunction Act, apply here and this matter should be dismissed under 12(b)(1) for lack of jurisdiction.[21] Given this finding, the court need not address Defendant's alternative basis for dismissal.

---

[17] The Complaint provides: "Plaintiff, Michael Alfonso Hughes, is a U.S. National and a citizen of Utah state, domiciled outside the geographical scope of the Internal Revenue Code as defined by 26 U.S.C. § 7701(a)(9) and (a)(lO). Plaintiff is a nonresident alien as defined by 26 U.S.C § 7701(b)(l)(B), having no income effectively connected with trade or business in the United States." Complaint at 4.

[18] *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990)

[19] *Wyoming Trucking*, 82 F.3d at 934.

[20] *See id.*

[21] *See Lonsdale*, 919 F.2d at (holding that the suit was barred by the Anti -Injunction Act).

## REPORT AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, this matter be dismissed, and Plaintiff's Motion to Strike be DENIED.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[22] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[23] Failure to object may constitute a waiver of the objections upon subsequent review.

DATED this 8 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

22 *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

23 *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

6