UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ALFONSO HUGHES,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WERFEL, in his official capacity as Commissioner of the Internal Revenue Service,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [ECF NO. 21] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00776<br><br>District Judge David Barlow |

Before the court is United States Magistrate Judge Dustin B. Pead's Report and Recommendation.[1] The report recommends granting Defendant's Motion to Dismiss,[2] and denying Plaintiff's Motion to Strike.[3]

## BACKGROUND

Plaintiff filed his complaint on September 8, 2025.[4] Plaintiff alleges that the IRS has unlawfully issued a lock-in order to his employer, requiring the employer to withhold Plaintiff's federal taxes.[5] Plaintiff claims he is a nonresident alien exempt from federal taxes, and thus the lock-in order and the withholdings are unlawful.[6]

---

[1] R. & R. ("R&R"), ECF No. 33, filed June 8, 2026.
[2] Mot. to Dismiss, ECF No. 21, filed November 20, 2025.
[3] Pl.'s Opp'n and Mot. to Strike Def.'s Mot. to Dismiss, ECF No. 25, filed December 2, 2025.
[4] Compl., ECF No. 1, filed September 8, 2025.
[5] Id. 1-2. Plaintiff's paragraph numbering in his complaint is inconsistent, and thus the court pin-cites to the page numbers in the complaint instead of the paragraph numbers.
[6] Id. 4–5.

The Magistrate Judge recommends granting Defendant's Motion to Dismiss based on the Anti-Injunction Act[7] and the Declaratory Injunction Act.[8] In the Magistrate Judge's view, these statutes strip the court of jurisdiction over this case.[9] The Magistrate Judge also found that Plaintiff's arguments to strike Defendant's motion to dismiss were "meritless" and "without support."[10]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[11] The court "reviews unobjected-to portions of a report and recommendation for clear error."[12] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[13]

## DISCUSSION

No objections were filed, and therefore, the Report and Recommendation is reviewed for clear error. The magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

## ORDER

For the reasons stated above, the court:

---

[7] 26 U.S.C. § 7421.
[8] 28 U.S.C. § 2201.
[9] R&R 4–5.
[10] R&R 3.
[11] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[12] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[13] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

1.  ADOPTS the Report and Recommendation.[14]

2.  GRANTS Defendant's Motion to Dismiss.[15]

3.  DENIES Plaintiff's Motion to Strike.[16]

4.  DISMISSES the Case without prejudice.

Signed July 6, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[14] ECF No. 33.
[15] ECF No. 21.
[16] ECF No. 26.