UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ALFONSO HUGHES,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WERFEL, in his official capacity as Commissioner of the Internal Revenue Service,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [36] MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Case No. 2:25-cv-00776<br><br>District Judge David Barlow |

Mr. Hughes filed a 67-page complaint stating that he was a "U.S. National," a "citizen of Utah," but a "nonresident alien" for federal tax purposes.[1] The Complaint admitted that Mr. Hughes was currently employed and received wages, but argued that his "wages are not subject to federal income tax."[2] Accordingly, he sought relief from an Internal Revenue Service ("IRS") "lock-in order" which required his employer to withhold certain taxes from wages.[3] The Commissioner of the IRS moved to dismiss.[4] After briefing, the Magistrate Judge recommended that the action be dismissed.[5] No objections were received to the Report and Recommendation, and the court dismissed the action on July 6, 2026.[6]

On October 2, 2026, Mr. Hughes filed his notice of appeal.[7] The notice was filed 28 days late. Contemporaneous with his late notice of appeal, he moved for an extension of time to file

[1] Complaint at 4, ECF No. 1, filed Sept. 8, 2025.
[2] *Id.*
[3] *Id.*
[4] Mot. to Dismiss, ECF No. 21, filed Nov. 20, 2025.
[5] Report and Recommendation, ECF No. 33, filed June 8, 2026.
[6] Mem. Dec. and Order Adopting Report and Recommendation, ECF No. 34, filed July 6, 2026.
[7] Notice of Appeal, ECF No. 37, filed Oct. 2, 2026.

his appeal.[8] The motion argues that his failure to meet the appeal deadlines was caused by "excusable neglect and circumstances constituting good cause."[9]

FRAP 4(a)(5)(A) states that the "district court may extend the time to file a notice of appeal" if the party so moves: (1) "no later than 30 days after the time prescribed"; and (2) "that party shows excusable neglect or good cause."

The Tenth Circuit has found that the "factors relevant to an excusable-neglect decision include 'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[10] As to good cause, it can be found "'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'"[11]

The party seeking the extension bears the burden, and "[t]he time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary."[12] As this court has previously observed, it is "not easily demonstrated, nor was it intended to be."[13]

The Tenth Circuit has found that perhaps the most important factor is "the reason for the delay."[14] Here, Mr. Hughes states that he "experienced significant mental-health circumstances" from June-September 2026.[15] He avers that these "difficulties" affected his "ability to manage

[8] Mot. for Ext. of Time to File Notice of Appeal, ("Mot.), ECF No. 37, filed Oct. 2, 2026.
[9] *Id.* at 1.
[10] *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (citing *City of Chanute, Kan. v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994)).
[11] *Bishop*, 371 F.3d at 1207 (citing Fed. R .App. P. 4(a)(5) advisory committee's note (2002 Amendments)).
[12] *Bishop*, 371 F.3d at 1206–07 (citing *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).
[13] *State of Utah v. U.S. Dept. of Interior*, 2000 WL 33710905, *2 (D. Utah) (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996)).
[14] *Magraff v. Lowes*, 217 Fed Appx 759, 760–61 (10th Cir. 2007).
[15] Mot. at 3.

this litigation."[16] He allegedly "experienced difficulty processing and retaining written information, organizing and completing administrative tasks, keeping track of dates and correspondence, reviewing the Court's judgment, researching appellate procedure, determining what procedural steps were required, and preparing the necessary filing."[17] Mr. Hughes declared that this was caused by "significant depression" and "substantial mental and physical exhaustion."[18] His symptoms improved after "changes [to his] diet and informal discussions with a therapist."[19]

On the right fact pattern, serious mental and physical impairment could provide a basis for finding good cause or excusable neglect. As one example, it would meet the standard if the party demonstrated that they were incapacitated or otherwise truly unable to file the required brief notice of appeal.

Here, the court is not persuaded. Mr. Hughes has provided two declarations explaining the mental health difficulties he feels he experienced. He reports that he could "read documents but frequently had difficulty absorbing, processing, or retaining what I had read," "relatively ordinary decisions became difficult or required substantially more time and mental effort," and he "slept excessively at times."[20] These statements are too general to explain the 28-day delay in filing the notice.

Additionally, the declarations do not contain sufficient indicia of severe debilitation or incapacitation: Mr. Hughes does not state that he was diagnosed with any particular mental health condition, that he was in regular therapy, that he was prescribed mental health medication,

---

[16] *Id.*
[17] *Id.*
[18] Declaration of Michael Alfonso Hughes ("Hughes Decl.") at 1, ECF No. 36-1, filed Oct. 2, 2026.
[19] Hughes Decl. at 3.
[20] Hughes Decl. at 1–2.

that he was hospitalized, found to be disabled, could not work, or any other details that would allow the court to conclude he simply could not file the notice. Instead, the declarations indicate that despite the challenges he feels he was experiencing, he was able to "perform some daily ordinary activities and responsibilities" and that his symptoms resolved upon a diet change and an "informal" conversation with a "therapist."[21] And while his declarations are evidence, Mr. Hughes also does not include any corroboration at all, including medical records, a letter from a health care provider, or anything else. Considering all of this together, his showing is not enough to establish that his situation was "unique and extraordinary"[22] or to meet the rigors of this relatively "strict" test.[23]

In his Motion, Mr. Hughes also noted that the court had previously granted him an extension when he sought one on the grounds that he had not received a copy of an earlier Report and Recommendation.[24] When the Commissioner noted that Mr. Hughes did not deny receiving the court's order and judgment,[25] Mr. Hughes then averred in Reply, for the first time, that he never received the Magistrate Judge's Report & Recommendation that the court adopted.[26] Mr. Hughes then emphasized, again, that the court had previously granted him an extension when he alleged that he had not received an earlier Report & Recommendation.[27]

Again, the court is not persuaded. It is true that the court permitted Mr. Hughes additional time when he reported that he had not received an earlier Report & Recommendation. But that

[21] Hughes Decl. at 3, Supp. Decl. of Michael Alfonso Hughes in Support of Mot. for Ext. of Time to File Notice of Appeal ("Supp. Decl.") at 4, ECF No. 43-1, filed Oct. 19, 2026.
[22] *Bishop*, 371 F.3d at 1206–07.
[23] *City of Chanute, Kan. v. Williams Natural Gas Co.,* 31 F.3d at 1046.
[24] Mot. at 4.
[25] U.S.'s Opp'n to Hughes' Mot. to Retroactively Extend the Time to File a Notice of Appeal at 2, ECF No. 41, filed Oct. 15, 2026.
[26] Pl.'s Reply in Supp. Of Mot. for Ext. of Time to File Notice of Appeal Pursuant to Fed. R. App. 4(a)(5) ("Reply") at 2, ECF No. 42, filed Oct. 19, 2026.
[27] *Id.* at 11.

the court did so before does not mean that it must do so again based on nothing more than Mr. Hughes' declaration that he did not, once again, receive something mailed by the court. And to be clear, the court made no finding that Mr. Hughes actually did not receive the earlier Report & Recommendation. Instead, the court summarily granted the motion for extension.[28] In any event, Mr. Hughes did receive the court's order adopting the Report & Recommendation and the Judgment, so he was on notice that the case had been dismissed.[29]

Finally, Mr. Hughes argues that the "interests of justice warrant appellate review."[30] The case that he cites, *Morales-Fernandez v. INS*, is a habeas case addressing the waiver rule regarding objections to a report and recommendation.[31] To the extent it has any application here, the court notes that among the factors a court is instructed to consider is "the importance of the issues raised."[32] Were that consideration applied, it would not help Mr. Hughes. His suit is an effort to stop the IRS from requiring Mr. Hughes' employer to make certain tax withholdings. Mr. Hughes' desire to further explore his idea that he, a "U.S. National" and "citizen of Utah state," is somehow a nonresident alien for federal tax purposes, is not an issue of importance.

In short, Mr. Hughes has not shown that the most important factor in this case, the reason for the delay, sufficiently supports the requested extension. As to the other factors, the danger of prejudice to the non-movant is relatively small. The length of the delay is about one month, shorter than in some other cases and longer than in others. The delay also has a negative, but not especially large, impact on the judicial proceedings. And as to good faith, the court finds the record to be unclear. While Mr. Hughes repeatedly says he is acting in good faith, the record is

---

[28] ECF No. 38.
[29] Reply at 4.
[30] Reply at 11.
[31] 418 F.3d 1116 (10th Cir. 2005).
[32] *Id*. at 1120.

both limited and muddy on this issue. Considering all the factors together, Mr. Hughes has not shown that the factors favor the unusual step of extending the deadline for appeal. He has the burden but has not met it. Therefore, his motion is denied.

Signed November 12, 2026.

BY THE COURT

David Barlow
United States District Judge